**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN A. WHITELY,** | **CASE NO. 2:08-cv-795** |
| | **CRIM. NO. 2:00-cr-204** |
| Petitioner, | |
| v. | **JUDGE MARBLEY** |
| | **MAGISTRATE JUDGE KEMP** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## OPINION AND ORDER

On August 26, 2008, the Magistrate Judge recommended that the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 be dismissed as premature, as petitioner's direct appeal of the revocation of his supervised release remains pending in the United States Court of Appeals for the Sixth Circuit. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*.

Petitioner states that extraordinary circumstances justify consideration of his §2255 petition prior to completion of his direct appeal because his first appellate attorney was dismissed for failing to file an appellate brief, and he has been advised that his appeal would not be scheduled for another year, by which time his April 27, 2007, sentence of 36 months (followed by two years supervised release) may have already expired. *See Objections*; Doc. No. 56.

Petitioner's argument is not persuasive. The docket of the Court of Appeals in petitioner's appeal indicates that, on September 30, 2008, Attorney Jacob Cairns filed an

appellant brief on petitioner's behalf and waived argument. On October 27, 2008, the government was granted an extension of time until December 12, 2008, to file its brief. *See United States v. Whitely*, Case No. 07-3692. Thus, petitioner's appeal is timely proceeding to resolution. Further, as noted in the Magistrate Judge's *Report and Recommendation*, absent "extraordinary circumstances, a district court is precluded from considering" a §2255 motion during pendency of a direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998)(citations omitted). The record fails to reflect such circumstances exist here.

> An extraordinary circumstance exists when the need for speedy relief weighs more in favor of allowing the claim than the need to conserve judicial resources. *Davis*, 604 F.2d 485.
>
> The rule is designed to ensure the orderly administration of justice and preserve judicial economy. *See* Federal Rules Governing § 2255 Proceedings Rule 5 advisory committee's note. *See also* 3 Charles A. Wright, Federal Practice and Procedure, Criminal 2d § 597, at 483 (motion under §2255 "is not proper while an appeal from the conviction is pending since the disposition of the appeal may make the motion unnecessary"). The possibility that [petitioner's] term of imprisonment will be completed before the final resolution of his direct appeal does not present a need for speedy relief pursuant to a §2255 Motion.

*United States v. Maguire*, 2006 WL 2612741 (S.D. Ohio September 11, 2006). Petitioner's direct appeal may resolve the claims raised in his §2255 petition. Upon "balancing the need for a speedy relief against the need for an orderly administration of judicial resources," this Court concludes that "no extraordinary circumstances are present which would require the court to determine the issues presented in [petitioner's] §2255 motion during the pendency of his direct appeal." *Id.*

2

Pursuant to 28 U.S.C. 636(b), the Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is **DISMISSED** as prematurely filed during the pendency of petitioner's direct appeal.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge